## UNITED STATES FEDERAL COURT
## DISTRICT OF MAINE

| | |
|---|---|
| NICOLE GORA, as next friend<br>and personal representative of the<br>Estate of JASON GORA,<br>an Estate in the County of Androscoggin,<br>State of Maine, | )<br>)<br>)<br>)<br>) |
|           Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| COUNTY OF ANDROSCOGGIN,<br>a municipality located in the County<br>of Androscoggin, State of Maine, | )<br>)<br>)<br>) |
| & | )<br>) |
| SHERIFF ERIC SAMPSON,<br>individually and<br>in his official capacity as the<br>Sheriff of the County of<br>Androscoggin, State of Maine, | )<br>)<br>)<br>)<br>)<br>) |
| JOHN GUAY, individually and<br>in his official capacity as a<br>Deputy in the County of<br>Androscoggin, State of Maine, | )<br>)<br>)<br>)<br>) |
| MATTHEW NOYES, individually and<br>in his official capacity as a<br>Deputy in the County of<br>Androscoggin, State of Maine, | )<br>)<br>)<br>)<br>) |
| TOWN OF MECHANIC FALLS,<br>a municipality located in the County<br>of Androscoggin, State of Maine, | )<br>)<br>)<br>) |
| JEFFREY GOSS,<br>individually and<br>in his official capacity as the<br>Chief in the Town of Mechanic Falls, | )<br>)<br>)<br>) |

**PARADIE, RABASCO & SEASONWEIN**, 217 MAIN ST., LEWISTON, ME 04240 (207) 333-3583

| | |
|---|---|
| County of Androscoggin, State of Maine, | ) |
| | ) |
| **ALFRED DAIGLE, individually and** | ) |
| **in his official capacity as an** | ) |
| **Officer in the Town of Mechanic** | ) |
| **Falls, County of Androscoggin,** | ) |
| **State of Maine,** | ) |
| | ) |
| **Defendants** | ) |

## COMPLAINT & DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through her attorney and respectfully demands trial by jury on all of her claims and causes so triable and complains against the Defendants as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to Title 28, United States Code, Section 1331 insofar as Plaintiff's causes of action raise federal questions under the Constitution, laws, treaties or statutes of the United States.

2. Venue is proper within this District pursuant to Tile 28, United States Code, Section 1391(a), insofar as a substantial part of the events or omissions giving rise to the claims asserted occurred within the District of Maine. The harm sustained by Plaintiff occurred in the District of Maine. This action is properly filed in Portland because this case arose in Androscoggin County.

### PARTIES

3. At all times relevant to this Complaint, Jason Gora, was an individual residing in the Town of Hebron, County of Oxford, State of Maine.

4. Plaintiff Nicole Gora, acting as the personal representative of the Estate of Jason

Gora, is an individual residing in the Town of Hebron, County of Oxford, State of Maine. Ms. Gora is also the wife of the late Jason Gora.

5. Defendant Androscoggin County, a municipality located in Androscoggin County, Maine, at all times relevant to this Complaint, employed Defendants, Eric Sampson, John Guay and Matthew Noyes and at all times relevant to this Complaint, those Defefendants were acting within their employment for Androscoggin.

6. Defendant Eric Sampson is an individual employed as the Sheriff of Androscoggin County, located in the County of Androscoggin, State of Maine.

7. Defendant John Guay is an individual employed as a Deputy for Androscoggin County, located in the County of Androscoggin, State of Maine.

8. Defendant Matthew Noyes is an individual employed as a Deputy for Androscoggin County, located in the County of Androscoggin, State of Maine.

9. Defendant Mechanic Falls, a municipality located in the Androscoggin County, State of Maine, at all times relevant to this Complaint employed Defendants Jeffrey Goss and Alfred Daigle and at all times relevant to this Complaint, those Defendants were acting within the scope of their employment for Mechanic Falls.

10. Defendant Jeffrey Goss is an individual employed as the Chief of the Mechanic Falls Police Department located in the County of Androscoggin, State of Maine.

11. Defendant Alfred Daigle is an individual, who at all times relevant to this Complaint was employed by the Mechanic Falls Police Department located in the County of Androscoggin, State of Maine.

**PARADIE, RABASCO & SEASONWEIN**, 217 MAIN ST., LEWISTON, ME 04240 (207) 333-3583

## FACTUAL ALLEGATIONS

12. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 11 as if fully restated herein.

13. On or about January 31, 2020, Mr. Gora's father reported to the Auburn Police Department that Mr. Gora was potentially suicidal and that he had been unable to reach Mr. Gora.

14. Mr. Gora's father requested a well-being check on his son, which was broadcasted out to three area agencies.

15. Mr. Gora was reported to be driving a 1997 Jeep Wrangler.

16. Later that same day, Mr. Gora's brother reported that Mr. Gora had sped off with a handgun in his vehicle.

17. Mr. Gora was not located from January 31, 2020 to February 2, 2020, during which time, he was alleged to have been posting social media posts indicating he was planning suicide "by cop" shooting.

18. Officers were told that Mr. Gora may provoke officers to shoot him. That info was conveyed to the other police units in the area.

19. At 7:25 p.m. on February 2, 2020, Mr. Gora's sister informed the local police agencies that Mr. Gora's brother had found Mr. Gora and had taken the handgun from him and that Mr. Gora was no longer in possession of a gun.

20. Mr. Gora's brother confirmed that Mr. Gora was no longer in possession of a gun with police.

21. A short time later, Mr. Gora's girlfriend informed law enforcement that Mr. Gora was headed to the APD to turn himself in.

22. However, instead of allowing him to do so, Defendant Noyes decided to initiate a traffic stop, fully aware of Mr. Gora's fragile mental state.

23. Mr. Gora did not comply with the officer's attempt to conduct a traffic stop and sped away.

24. Defendants Noyes and Guay decided to engage in a high speed chase with Mr. Gora. During the chase, Mr. Gora was traveling up to speeds of 80 miles per hour in 40 and 50 mile per hour zones.

25. Despite the danger presented to the public, Mr. Gora, and the officers themselves, the officers continued the pursuit, when there was no indication that Mr. Gora had done anything against the law justifying the stop and the pursuit.

26. Defendant Daigle heard radio traffic of the pursuit and located himself near the Minot Post office.

27. Despite Mr. Gora's attempt to avoid striking Defendant Daigle's vehicle, he was unable to do so and struck Defendant Daigle's vehicle.

28. Mr. Gora then exited his vehicle and fled the officers with his back to them.

29. This interaction is recorded on Defendants' dash and body cameras, although it begins to get very dark and tough to see what transpired next.

30. It is believed that the officers were undercover when Mr. Gora fled the vehicle and were in no danger and dispatch had made it clear to them that Mr. Gora was not in possession of a firearm, but officers decided to engage in chasing Mr.

Gora.

31. It is believed that Mr. Gora then stumbled, but it is hard to tell if he fell, because the officer's body camera conveniently goes blank for a short time at this crucial moment.

32. Without any provocation, Defendants then opened fire on Mr. Gora, firing multiple shots.

33. Those shots struck Mr. Gora in various places, many of which appear to have been traveling from back to front, suggesting Mr. Gora was shot from behind multiple times.

34. Defendants claim that Mr. Gora turned toward officers at some point, but it is not clear the timing of that, especially since Mr. Gora appears to have been shot from behind multiple times and given the interruption in the body camera video.

35. Despite his obvious injuries, Defendants then made no timely life saving attempts like cpr or otherwise and Mr. Gora soon died from the multiple gun shot wounds.

36. Defendants claim they believed Mr. Gora was possessing a firearm despite the fact that dispatch records clearly confirm that the Defendants were repeatedly told by dispatch that Mr. Gora was not in possession of a firearm and despite the fact that Mr. Gora was not actually in possession of a firearm.

### COUNT I-DUE PROCESS
### ANDROSCOGGIN COUNTY

37. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 36 above, as if set forth fully herein.

38. By the actions of the Androscoggin County Sheriff's Department in initiating a high speed chase, knowing Mr. Gora was suicidal and possibly wanting to commit suicide "by cop," it created a significant danger to Mr. Gora, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

39. Upon information and belief that the County of Androscoggin, through its' Sheriff's department, violated its protocols, training and standards under the circumstances, creating such danger to Mr. Gora.

40. The County of Androscoggin and its Sheriff's department's actions and deliberate indifference engaging in a high speed pursuit with a suicidal individual, whom they were aware no longer possessed a gun, and then chasing and shooting Mr. Gora without provocation, were so egregious and outrageous that they shock the contemporary conscience.

41. The County of Androscoggin's lack of training for its law enforcement officers and its officers' failures to follow standard protocols and procedures deprived Mr. Gora of due process causing him significant physical and emotional damages, including death.

## COUNT II-DUE PROCESS
## JOHN GUAY

42. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 41 above, as if set forth fully herein.

43. By the actions of Defendant Guay in initiating a high speed chase, knowing Mr.

Gora was suicidal and possibly wanting to commit suicide "by cop," he created a significant danger to Mr. Gora, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

44. Upon information and belief that Defendant Guay violated his protocols, training and standards under the circumstances, creating such danger to Mr. Gora.

45. Defendant John Guay's actions and deliberate indifference engaging in a high speed pursuit with a suicidal individual, whom he was aware no longer possessed a gun, then firing multiple shots without provocation, were so egregious and outrageous that they shock the contemporary conscience.

46. Defendant's failures to follow standard protocols and procedures deprived Mr. Gora of due process causing Mr. Gora significant physical and emotional damages, including death.

### COUNT III – SECTION 1983
### JOHN GUAY

47. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 46 as if fully restated herein.

48. Pursuant to the Eighth Amendment, Defendant Guay, individually, owed Mr. Gora a duty to not deprive him of his rights, privileges or immunities secured by the Constitution and laws of the United States.

49. Defendant had a duty to take reasonable measures to avoid denying Mr. Gora the same, by following orders and complying with orders and his employer's policies and procedures for use of pursuit, handling an individual reportedly suicidal, and

use of deadly force.

50. Defendant, acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Maine, subjected, or caused to be subjected, Mr. Gora, a citizen of the United States, to a deprivation of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

51. As a result of Defendant's actions and/or inactions, Defendant is liable to Plaintiff in an action at law.

52. Defendant knew of and intentionally and/or recklessly disregarded a known risk to Mr. Gora's health and safety.

53. Defendant acted with deliberate indifference to Mr. Gora's health and safety, causing him significant injury, specifically death.

54. Upon information and belief that Defendant failed to follow procedures and policies for dealing with suicidal individuals, conducting traffic stops, engaging in high speed pursuit, and in using deadly force.

### COUNT IV – MAINE CIVIL RIGHTS ACT
### 5 M.R.S.A. §4682
### JOHN GUAY

55. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 54 as if fully restated herein.

56. Defendant intentionally interfered or attempted to interfere with the exercise or enjoyment by Mr. Gora of rights secured by the United States and Maine Constitutions.

57. Defendant's actions in so doing were in violation of the Maine Civil Rights Act.

58. Defendant's actions directly and proximately caused Mr. Gora serious physical and emotional harm, specifically death.

## COUNT V – WRONGFUL DEATH
## JOHN GUAY

59. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 58 as if fully restated herein.

60. Defendant wrongfully and/or negligently caused the death of Mr. Gora.

61. Defendant's actions have directly and proximately caused Mr. Gora's heirs and estate to suffer pecuniary loss.

62. Defendant's actions have also directly and proximately caused Mr. Gora's heirs and estate to suffer the loss of comfort, care and companionship of Mr. Gora, as well as significant emotional distress.

63. Mr. Gora has also suffered conscious pain and suffering, medical, hospital and funeral expenses as the direct and proximate result of Defendant's wrongful actions.

## COUNT VI-DUE PROCESS
## MATTHEW NOYES

64. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 63 above, as if set forth fully herein.

65. By the actions of Defendant Noyes in initiating a high speed chase, knowing Mr. Gora was suicidal and possibly wanting to commit suicide "by cop," he created a significant danger to Mr. Gora, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

66. Upon information and belief that the Defendant violated his protocols, training and standards under the circumstances, creating such danger to Mr. Gora.

67. Defendant's actions and deliberate indifference engaging in a high speed pursuit with a suicidal individual, whom he was aware no longer possessed a gun, then firing multiple shots without provocation, were so egregious and outrageous that they shock the contemporary conscience.

68. Defendant's failures to follow standard protocols and procedures deprived Mr. Gora of due process causing Mr. Gora significant physical and emotional damages, including death.

## COUNT VII – SECTION 1983
## MATTHEW NOYES

69. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 68 as if fully restated herein.

70. Pursuant to the Eighth Amendment, Defendant Noyes, individually, owed Mr. Gora a duty to not deprive him of his rights, privileges or immunities secured by the Constitution and laws of the United States.

71. Defendant had a duty to take reasonable measures to avoid denying Mr. Gora the same, by following orders and complying with orders and his employer's policies and procedures for use of pursuit, handling an individual reportedly suicidal and use of deadly force.

72. Defendant, acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Maine, subjected, or caused to be subjected, Mr. Gora, a

citizen of the United States, to a deprivation of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

73. As a result of Defendant's actions and/or inactions, Defendant is liable to Plaintiff in an action at law.

74. Defendant knew of and intentionally and/or recklessly disregarded a known risk to Mr. Gora's health and safety.

75. Defendant acted with deliberate indifference to Mr. Gora's health and safety, causing him injury, specifically death.

76. Upon information and belief that Defendant failed to follow procedures and policies for dealing with suicidal individuals, conducting traffic stops, engaging in high speed pursuit, and in using deadly force.

### COUNT VIII – MAINE CIVIL RIGHTS ACT
### 5 M.R.S.A. §4682
### MATTHEW NOYES

77. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 76 as if fully restated herein.

78. Defendant intentionally interfered or attempted to interfere with the exercise or enjoyment by Mr. Gora of rights secured by the United States and Maine Constitutions.

79. Defendant's actions in so doing were in violation of the Maine Civil Rights Act.

80. Defendant's actions directly and proximately caused Mr. Gora serious physical and emotional harm, specifically death.

### COUNT IX – WRONGFUL DEATH

**MATTHEW NOYES**

81. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 80 as if fully restated herein.

82. Defendant wrongfully and/or negligently caused the death of Mr. Gora.

83. Defendant's actions have directly and proximately caused Mr. Gora's heirs and estate to suffer pecuniary loss.

84. Defendant's actions have also directly and proximately caused Mr. Gora's heirs and estate to suffer the loss of comfort, care and companionship of Mr. Gora, as well as significant emotional distress.

85. Mr. Gora also suffered conscious pain and suffering, medical, hospital and funeral expenses as the direct and proximate result of Defendant's wrongful actions.

**COUNT X-DUE PROCESS**
**MECHANIC FALLS**

86. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 85 above, as if set forth fully herein.

87. By the actions of the Mechanic's Falls Police Department in initiating a high speed chase and/or traffic stop of Mr. Gora, knowing Mr. Gora was suicidal and possibly wanting to commit suicide "by cop," it created a significant danger to Mr. Gora, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

88. Upon information and belief that the Town of Mechanic Falls, through its Police

Department, violated its protocols, training and standards under the circumstances, creating such danger to Mr. Gora.

89. The Town of Mechanic Falls Police Department's actions and deliberate indifference engaging in a high speed pursuit and/or stop of the vehicle of a suicidal individual, whom they were aware no longer possessed a gun, then use of deadly force, were so egregious and outrageous that they shock the contemporary conscience.

90. The Town of Mechanic Falls lack of training for its law enforcement officers and its officers' failures to follow standard protocols and procedures deprived Plaintiff of due process causing Plaintiff significant physical and emotional damages, including death.

## COUNT XI-DUE PROCESS
## ALFRED DAIGLE

91. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 90 above, as if set forth fully herein.

92. By the actions of Defendant Daigle in initiating an attempted traffic stop of Mr. Gora, knowing Mr. Gora was suicidal and possibly wanting to commit suicide "by cop," he created a significant danger to Mr. Gora, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

93. Upon information and belief that Defendant Daigle violated his protocols, training and standards under the circumstances, creating such danger to Mr. Gora.

94. Defendant Daigle's actions and deliberate indifference engaging in a traffic stop

**PARADIE, RABASCO & SEASONWEIN**, 217 MAIN ST.,  LEWISTON, ME 04240 (207) 333-3583

with a suicidal individual, whom he was aware no longer possessed a gun, then firing multiple shots without provocation, were so egregious and outrageous that they shock the contemporary conscience.

95. Defendant's failures to follow standard protocols and procedures deprived Mr. Gora of due process causing Mr. Gora significant physical and emotional damages, including death.

### COUNT XII – SECTION 1983
### ALFRED DAIGLE

96. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 95 as if fully restated herein.

97. Pursuant to the Eighth Amendment, Defendant Daigle, individually, owed Mr. Gora a duty to not deprive him of his rights, privileges or immunities secured by the Constitution and laws of the United States.

98. Defendant had a duty to take reasonable measures to avoid denying Mr. Gora the same, by following orders and complying with orders and his employer's policies and procedures for use of pursuit, handling an individual reportedly suicidal and use of deadly force.

99. Defendant, acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Maine, subjected, or caused to be subjected, Mr. Gora, a citizen of the United States, to a deprivation of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

100.    As a result of Defendant's actions and/or inactions, Defendant is liable to

**PARADIE, RABASCO & SEASONWEIN**, 217 MAIN ST., LEWISTON, ME 04240 (207) 333-3583

Plaintiff in an action at law.

101.    Defendant knew of and intentionally and/or recklessly disregarded a known risk to Mr. Gora's health and safety.

102.    Defendant acted with deliberate indifference to Mr. Gora's health and safety, causing him injury, specifically death.

103.    Upon information and belief that Defendant failed to follow procedures and policies for dealing with suicidal individuals, conducting traffic stops, engaging in high speed pursuit, and in using deadly force.

## COUNT XIII – MAINE CIVIL RIGHTS ACT
## 5 M.R.S.A. §4682
## ALFRED DAIGLE

104.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 103 as if fully restated herein.

105.    Defendant intentionally interfered or attempted to interfere with the exercise or enjoyment by Mr. Gora of rights secured by the United States and Maine Constitutions.

106.    Defendant's actions in so doing were in violation of the Maine Civil Rights Act.

107.    Defendant's actions directly and proximately caused Mr. Gora serious physical and emotional harm, specifically death.

## COUNT XIV – WRONGFUL DEATH
## ALFRED DAIGLE

108.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 107

as if fully restated herein.

109. Defendant wrongfully and/or negligently caused the death of Mr. Gora.

110. Defendant's actions have directly and proximately caused Mr. Gora's heirs and estate to suffer pecuniary loss.

111. Defendant's actions have also directly and proximately caused Mr. Gora's heirs and estate to suffer the loss of comfort, care and companionship of Mr. Gora, as well as significant emotional distress.

112. Mr. Gora also suffered conscious pain and suffering, medical, hospital and funeral expenses as the direct and proximate result of Defendant's wrongful actions.

### COUNT XV-DUE PROCESS
### ERIC SAMPSON

113. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 112 above, as if set forth fully herein.

114. Defendant Sampson owed a duty to Mr. Gora to provide adequate training, protocols, and procedures for dealing with the situation described above.

115. By the actions of Defendant Sampson's officers in not following protocol in initiating a high speed chase and/or attempted traffic stop of Mr. Gora, knowing Mr. Gora was suicidal and possibly wanting to commit suicide "by cop," they created a significant danger to Mr. Gora, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

116. Upon information and belief that Defendant Sampson's officers either

violated their protocols, training and standards under the circumstances, creating such danger to Mr. Gora or that the protocols, training and standards were not adequate to prevent the danger to Mr. Gora and other similarly situated individuals.

117.  Defendant Sampson's officers' actions and deliberate indifference engaging in a high speed pursuit and/or traffic stop with a suicidal individual, whom they were aware no longer possessed a gun, then firing multiple shots without provocation, were so egregious and outrageous that they shock the contemporary conscience.

118.  Defendant's failure to ensure for proper training, protocols and procedures deprived Mr. Gora of due process causing Mr. Gora significant physical and emotional damages, including death.

### COUNT XVI-DUE PROCESS
### JEFFREY GOSS

119.  Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 118 above, as if set forth fully herein.

120.  Defendant Goss owed a duty to Mr. Gora to provide adequate training, protocols, and procedures for dealing with the situation described above.

121.  By the actions of Defendant Goss' officer in not following protocol in initiating an attempted traffic stop of Mr. Gora, knowing Mr. Gora was suicidal and possibly wanting to commit suicide "by cop," it created a significant danger to Mr. Gora, depriving him of due process of law as guaranteed by both the

Maine and federal Constitutions.

122. Upon information and belief that Defendant Goss' officer either violated his protocols, training and standards under the circumstances, creating such danger to Mr. Gora or that the protocols, training and standards were not adequate to prevent the danger to Mr. Gora and other similarly situated individuals.

123. Defendant Goss' officer's actions and deliberate indifference engaging in a high speed pursuit and/or traffic stop with a suicidal individual, whom he was aware no longer possessed a gun, then firing multiple shots without provocation, and which suggest he shot Mr. Gora from behind, was so egregious and outrageous that they shock the contemporary conscience.

124. Defendant's failure to ensure for proper training, protocols and procedures deprived Mr. Gora of due process causing Mr. Gora significant physical and emotional damages, including death.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Declare that Defendants have wrongfully deprived Jason Gora of his constitutionally secured rights under the Maine and United States Constitutions;

b. Declare that Defendants have wrongfully caused the death of Jason Gora;

c. Award Plaintiff compensatory damages to be determined at trial;

d. Award Plaintiff punitive damages to be determined at trial;

e. Award Plaintiff pre-judgment interest;

f. Award Plaintiff attorney's fees and costs;

g. Award Plaintiff such further relief as it deems just and proper.

Date: October 18, 2021                      */s/ Verne Paradie, Jr.*
                                                                           VERNE E. PARADIE, JR, ESQUIRE
                                                                           Attorney for the Plaintiff
                                                                           Bar No: 8929
                                                                           vparadie@lawyers-maine.com